López, Petitioner, *v.* Succession of López Martínez et al., Defendants.

Petition for approval of statement of the case by this court.

No. 17.—Decided originally *per curiam* November 5, 1913.

Motion to reconsider decided December 5, 1913.

The petition was denied *per curiam* on November 5, 1913, because it appeared from the record that the judgment in this action was based on a ruling sustaining a demurrer to the complaint and because the necessity for preparing and approving a statement of the case was not shown, on the authority of the case of *Successors of José Martínez* v. *Tomás Dávila & Co.,* 17 P. R. R., 970.

ON MOTION FOR RECONSIDERATION.

Appeal—Transcript of Record—Motion to Strike Out—Annulment of Default—Amendment.—In a case like the present, in which no trial was had and no evidence introduced, but which was appealed from a judgment based on a ruling sustaining a demurrer to the complaint, and in which motions were filed to strike out certain parts of the amended complaint, to annul the default entered against the defendant, and other like proceedings which necessarily form part of the records of the lower court, it is evident that for the purposes of an appeal the only proceedings necessary were the amended complaint, the demurrer, the ruling on the same and the judgment dismissing the complaint; but even if others were necessary, they were all of record.

Id.—Time for Filing Transcript of Record—Rule of this Court.—The Code of Civil Procedure, as approved in 1904, did not fix the time for filing the transcript of the record in this court for the purposes of an appeal, and in accordance with rule 40 of this court, approved December 24, 1908, the transcript of the record should be filed within 30 days from the time of the approval of the statement of the case or bill of exceptions; and in case these documents are not filed, within 30 days from the time of filing the notice of appeal in the lower court.

ID.—TRANSCRIPT OF RECORD—STATEMENT OF CASE—TIME FOR FILING TRANSCRIPT OF RECORD.—The period of 30 days fixed in the last paragraph of section 299 of the Code of Civil Procedure, amended by Act No. 70 of March 9, 1911, for filing the transcript of the record in this court refers to cases where there has been a trial and evidence introduced, making a statement of the case necessary, but it makes no provision regarding such time in cases where there has been no trial, nor evidence, nor statement of the case; therefore, in such cases the period of 30 days fixed by rule 40 of this court governs, which rule in that particular was not repealed by said amendment.

ID.—STATEMENT OF CASE.—Only when there has been a trial and evidence has been introduced is it necessary to prepare a statement of the case, but not in the case of an appeal from a judgment dismissing a complaint by virtue of a demurrer thereto and in which no such proceedings have been had.

The facts are stated in the opinion.

*Mr. Hugh R. Francis* for petitioner.

The defendants did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

On January 16, 1912, Arturo López Díaz, a complainant, filed a complaint in the District Court of San Juan against the Succession of Antonio López Martínez. The complaint was amended on February 3, 1912, and on various dates thereafter the various defendants came into court and prayed the elimination of certain parts of the amended complaint. On March 25, 1912, some of the defendants prayed the court to dismiss the complaint. On April 1, 1912, the default of the defendant succession was noted at the request of the complainant. On April 11, 1912, the defendants presented a motion asking that the default be set aside, which motion was granted. On the 25th of April of the same year some of the defendants presented a demurrer to the complaint, which demurrer was sustained by the court, giving the complainant 20 days to amend the complaint. Other similar motions, proceedings and amendments were had in the case until August 9, 1913, when the court sustained the demurrer and ordered a judgment to be entered. Such are the facts, previous to judgment, of the proceedings in the court below as alleged by the petitioner in this case. All the proceedings were presumably in writing, as required by law, and were motions, demurrers and amendments necessarily forming part

of the record in the trial court. It is evident, furthermore, that the only proceedings necessary for an appeal were the last amended complaint, the demurrer thereto, the ruling of the court thereon and the final judgment dismissing the complaint. But even if some of the previous proceedings had been necessary, they were all of record.

From the judgment of the district court of August 9, 1913, the complainant appealed. He then made several motions in the said court for an extension of time to file a statement of the case, and such motions being *pro forma* were granted. The petitioner further alleges that October 14, 1913, was the time fixed for the approval of said statement of the case; that on that day both parties appeared and the defendant opposed the approval of the said statement of the case, and on October 24, 1913, the court made an order refusing to approve said statement of the case, giving as its reasons that the approval of a statement of a case did not lie inasmuch as the appeal was solely from a judgment on a demurrer wherein no proof had been offered. The complainant and appellant then appeared in this court and prayed the same to approve its said statement of the case. The said case consisted of a recital of the motions, orders, demurrers, amendments and other like proceedings which led up to the judgment of August 9, 1913.

This court, on November 5, 1913, made an order overruling the petition on the authority of the case of *Successors of José Martínez* v. *Tomás Dávila & Co.,* reported in 17 P. R. R., 970, and the case is before us on a motion to reconsider.

When the Code of Civil Procedure was passed in 1904 there was no provision therein fixing the time within which a transcript of the record on appeal should be presented to this court, hence by virtue of the powers conceded by law in this court the matter was covered by rule 50 of the Rules of November 1, 1904. Subsequently the court made new rules and the matter was covered by rule No. 40. This rule, without its additions, is as follows:

"When an appeal is taken from final judgment, the appellant, within 30 days after the statement of facts, bill of exceptions or statement of the case, if any, has been settled by the trial court, or if there be no statement of facts, bill of exceptions or statement of the case filed in proper time, then within 30 days after the notice of appeal is filed, shall file with the Clerk of the Supreme Court a transcript of the record, containing a copy of the notice of appeal, of the judgment roll, and of the statement of facts, bill of exceptions or statement of the case, if any, upon which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court, or any bill of exceptions, settled or used on a motion for a new trial, may be used on appeal from a final judgment as well as upon appeal from the order granting or refusing a new trial."

On March 9, 1911, the Legislature passed a law whereby section 299 of the Code of Civil Procedure was amended. The first paragraph of this section reads as follows:

"Section 299.—After filing an appeal from a judgment of a district court, the appellant must, within 10 days from the date of the filing thereof, or of the extension of time in case the same should be granted by the court, present to said court a statement, a copy of which shall be served at the same time on the adverse party, stating the exceptions taken during the course of the proceedings and a summary of the case."

The other paragraphs of said amended section relate to matters that should be included in the statement referred to. The last paragraph of said section reads as follows:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal. Said certificate shall be filed in the office of the secretary of the Supreme Court within the next thirty days following that on which the bill of exceptions and summary of the case was (were) approved with a declaration that a literal copy of the same certified to by the counsel for the appellant, has been delivered to the counsel for the appellees."

We think it is evident from the reading of the first para-

graph of said section that the Legislature had in mind the exceptions that were necessary to be taken in order to reduce to the record matters or proof which did not necessarily become a part of such record. The words are ''stating the exceptions taken during the course of the proceedings and a summary of the case.'' In the second paragraph the words are ''in this statement there shall be set out all the particulars of the action and all the proofs taken or given at the time.'' When the Legislature referred to ''action'' and to ''proof'' it is evident that it had in mind the trial of the action, for the rest of section 299 goes on to recite how this proof must be made up. The whole section contemplates a dispute between the parties and a settlement by the court of the disputed matters of fact which might arise between the parties as to the testimony taken at the trial. But when there has been no trial and no proof, section 299 of the Code of Civil Procedure is now as silent as was the original Code of Civil Procedure. No time for filing the transcript in this court is fixed therein for the case of judgment on demurrer or on the pleadings. The case of *Martínez v. Dávila, supra,* was a case where the appellees moved that the court should dismiss a case because the appellants had failed to file a bill of exceptions and statement of the case as required by section 299 of the Code of Civil Procedure as amended, but this court then, in favor of the appellant, decided that an appellant could not be required to file a statement of the case or bill of exceptions where none was necessary to perfect his appeal as in the case of a judgment on the pleadings or on demurrer.

As we have indicated before in this and other opinions, the idea of a bill of exceptions or statement of the case is to reduce to the record proof and other matters that would not otherwise form part of the judgment roll. It cannot be supposed that when the Legislature passed a law fixing the terms in which an appellant might incorporate into the record the exceptions ''taken'' during the course of the proceedings, that it meant to provide him with a means of extending the

time for appealing. This court decided that the section could not be invoked against the appellant to require him to file a statement of the case, and by a parity of reasoning he cannot arbitrarily make a statement of the case to answer his purposes when no such statement is required to put him in condition to carry on his appeal. Therefore, as the law is silent on this question of the time in which an appeal should be filed in this court where there is no statement of the case or bill of exceptions, rule No. 40 of this court has still the force of law. There is nothing in the law of March 9, 1911, which is inconsistent with this rule in this regard. The object of rule 40 was to fix the time for filing the transcript on appeal. In fixing the time within which a record should be transmitted to this court where a statement of the case had been filed, the Legislature preserved the same time as fixed by the rule of court. This rule still prevails and the record should have been filed in this court within 30 days from the time of the appeal noted. See also the case of *Rojas* v. *Porto Rico Motor Company,* judgment of June 24, 1913.

Sections 218 and 219 of the Code of Civil Procedure and sections 64 and 65 of the rules of this court also show that the time when this court or another judge may intervene in the settlement of the bill of exceptions is when there is something to be settled by the judge or person trying the case. The case where the record proper shows the whole proceeding, as here, is excluded, as the party may obtain a transcript of such proceedings by the certificate of the secretary and without the intervention of the judge. The motion for reconsideration must be denied.

*Motion for reconsideration denied.*

Justices del Toro and Aldrey concurred.

Chief Justice Hernández and Justice MacLeary took no part in this decision.